T.C. Summary Opinion 2007-176


UNITED STATES TAX COURT


SHAWN A. FINNEGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23643-05S.                Filed October 22, 2007.


Shawn A. Finnegan, pro se.

<u>Mark J. Miller</u> and Eric Pearson (specially recognized), for respondent.


GOLDBERG, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the year 2003 in the amount of $1,363. The issue for decision is whether petitioner is entitled to claim a dependency exemption and a child tax credit for the taxable year 2003, pursuant to sections 151 and 24, respectively.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Reedsburg, Wisconsin.

Petitioner is employed as a police officer with the Sauk County, Wisconsin, Sheriff's Office. Petitioner was involved in a relationship with Jessica K. Dykstra for an unspecified period of time prior to 1997. They were never married. In 1997, Ms. Dykstra gave birth to a male child, M.F.[1]

In 2000, Ms. Dykstra initiated a paternity action against petitioner in the Circuit Court, Family Court Branch, Columbia County, Wisconsin (Family Court). As part of that action, the Family Court adjudged petitioner to be the father of M.F., according to his admission of paternity in open court. Pursuant to a Judgment on Default (judgment) entered against Ms. Dykstra,

---

[1] The Court uses initials when referring to a minor child.

the Family Court ordered that with respect to the issue of the dependency exemption for M.F., petitioner be awarded the tax dependency exemption for M.F., provided that he was in compliance with his obligation to maintain health insurance for the child and current in his child support payments, as provided under the judgment.

During all taxable years since the child's birth, including the taxable year in issue, M.F. has resided with Ms. Dykstra. Petitioner resides approximately 1 hour away from M.F. and has parenting time with him approximately once or twice a month.

Petitioner paid $4,852.26 in child support to Ms. Dykstra in 2003. This total comports with the amount that petitioner was ordered to pay in the underlying judgment.

On his 2003 Federal income tax return, petitioner claimed the dependency exemption deduction and a child tax credit with respect to and for M.F. In the notice of deficiency, respondent explained that he was disallowing petitioner's claimed exemption for M.F. on the grounds that another taxpayer had also claimed the dependency exemption for M.F. for the 2003 taxable year. Accordingly, respondent disallowed the exemption with respect to M.F. and correspondingly disallowed petitioner's claimed child tax credit.

Subsequent to his receiving the notice of deficiency, petitioner was made aware of Form 8332, Release of Claim to

Exemption for Child of Divorced or Separated Parents, and of the fact that this Form allows custodial parents to release a claim of dependency exemption for a child. Petitioner sent a copy of form 8332 to Ms. Dykstra, asking her to complete and sign it. At that time, petitioner believed that because he was in compliance with the terms of the aforementioned judgment during the year in issue, and because he believed that he had contributed over one-half of M.F.'s total support for 2003, he should be entitled to claim the deduction. When Ms. Dykstra did not comply with petitioner's first request, he brought an enforcement action against Ms. Dykstra on February 20, 2006, and obtained a court order for her to sign the Form 8332 for the 2003 taxable year. Ms. Dykstra ultimately signed a Form 8332 on February 25, 2006, thereby agreeing not to claim an exemption for M.F. for the 2003 taxable year.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be upon the taxpayer. In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner. Sec. 7491(a)(1);

Rule 142(a)(2). Petitioner did not argue that section 7491 is applicable in this case, nor did he establish that the burden of proof should shift to the respondent. Petitioner, therefore, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Section 151 allows deductions for personal exemptions, including exemptions for dependents of the taxpayers. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. "[S]upport" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. In determining whether an individual received more than one-half of his or her support from a taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id.

Section 152(e) carves out a special exception to the aforementioned in the case of parents who are divorced or separated. This exception has been held to apply in cases where the parents were never married. King v. Commissioner, 121 T.C. 245 (2003). Simply put, section 152(e) provides that if a child

receives over half of his support from his parents and is in the custody of one or both of them for more than one-half of the calendar year, then the parent having custody of the child for a greater portion of the year at issue (a.k.a. the custodial parent) is entitled to claim the dependency exemption deduction for that child unless: (1) The noncustodial parent is shown entitled to the deduction under section 151 (including section 152(a)), or (2) the custodial parent has validly executed a written release of his or her right to claim the deduction as the custodial parent of record.

The parties agree, and the record is clear, that petitioner was not the custodial parent of M.F. during the year in issue.

Petitioner maintains his entitlement to the exemption deduction with respect to M.F. because of the terms of the aforementioned judgment, which gave him the right to claim M.F. as a dependent so long as he is current in his child support and health insurance obligations. The record is silent as to any evidence contrary to the fact that, during the year in issue, petitioner was compliant with these obligations; however, although the judgment provides that petitioner would be entitled to claim a dependency exemption in 2003 for M.F., is it well settled that State courts, by their decisions, cannot determine

issues of Federal tax law. See <u>Commissioner v. Tower</u>, 327 U.S. 280 (1946); <u>Miller v. Commissioner</u>, 114 T.C. 184 (2000).

Petitioner also argues his entitlement to claim the dependency deduction by reason of Ms. Dykstra's releasing her claim to an exemption for M.F. for taxable year 2003 on a Form 8332 that she signed on February 26, 2006. Petitioner contends that Ms. Dysktra's action comports with the previously discussed exemption under section 152(e)(2), thus entitling him to claim the dependency exemption for M.F. for taxable year 2003.

When a custodial parent releases his or her exemption for more than 1 year, the noncustodial parent must attach the original release to his tax return for the immediate year and attach a copy of the release to each succeeding year on which he claims the dependency deduction. <u>Chamberlain v. Commissioner</u>, T.C. Memo. 2007-178. Respondent urges that we disregard the Form 8332 submitted by petitioner, on the grounds that he did not attach a completed Form 8332 or its equivalent to his 2003 Federal income tax return as required by section 152(e)(2) and section 1.152-4T(a), Temporary Income Tax Regs. 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner admits that he did not attach a Form 8332 to his timely filed Federal income tax return for 2003. Failure to attach a valid Form 8332, or an equivalent written declaration to the return at the time of filing, disqualifies a noncustodial

taxpayer from claiming a dependency exemption for his minor child.  See Presley v. Commissioner, T.C. Memo. 1996-553. Section 152(e) is clear; it grants the dependency exemption to a noncustodial parent only when he or she attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year on which he or she claims the exemption. Unfortunately, irrespective of what is contained in the judgment as to petitioner's right to claim a dependency exemption for M.F., the law is clear that a taxpayer is entitled to a dependency exemption in the taxable year if, and only if, he is in compliance with section 152.  As previously stated, petitioner has failed to meet this requirement.  Accordingly, the Court concludes, with respect to section 152, petitioner is not entitled to claim a dependency exemption with respect to M.F. for taxable year 2003.  Accordingly, and because petitioner failed to comply with this requirement, we sustain respondent's disallowance of the dependency exemption claimed by petitioner.

Finally, and with respect to the child tax credit petitioner claimed for M.F. in 2003, section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and

who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B).  Sec. 24(c)(1).

Since petitioner was not allowed a deduction with respect to M.F. under section 151, it follows that, for the year in issue, M.F. is not a qualifying child.  Consequently, irrespective of language in the judgment to the contrary, petitioner is not entitled to claim a child tax credit for M.F. in 2003.

<u>Decision will be entered for respondent</u>.